Filed 10/17/22 P. v. Hunt CA3
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092335 |
| Plaintiff and Respondent, | (Super. Ct. No. CR57914) |
| v. | OPINION ON TRANSFER |
| MICHAEL AVERY HUNT, | |
| Defendant and Appellant. | |

Defendant Michael Avery Hunt appeals the trial court's denial of his petition for resentencing under Penal Code former section 1170.95 (now renumbered as section 1172.6 (Stats. 2022, ch. 58, § 10); statutory section citations that follow are found in the Penal Code unless otherwise stated.) Defendant contends the trial court incorrectly relied on the opinion deciding the direct appeal from his conviction without considering several items of evidence he wanted to proffer and that the court lacked sufficient evidence to conclude he was ineligible for relief beyond a reasonable doubt. He also asserts he received ineffective assistance of counsel based on defense counsel's failure to present the same evidence to the court.

We filed an unpublished opinion on April 12, 2022, in which we concluded any error by the trial court was harmless and affirmed the trial court's order. Our Supreme Court granted review of the matter on June 29, 2022, and transferred the case to us with

1

directions to vacate our previous decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551). The parties submitted supplemental briefing in which they agree the case should be remanded to the trial court. After reconsidering the matter, we will reverse the trial court's order and remand the matter for a new evidentiary hearing.

## FACTS AND HISTORY OF THE PROCEEDINGS

The People request we take judicial notice of the unpublished opinion from defendant's direct appeal, *People v. Hunt* (Mar. 9, 1982, 3 Crim. 11199) [nonpub. opn.] (*Hunt*), and we will grant the request to provide context for defendant's petition. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).) In our opinion, we described the underlying facts of defendant's conviction:

"On January 15, 1980, defendant and an accomplice, Michael Rinehart, accosted [the victim], the manager of a convenience market outside the store at about 4:30 p.m. [The victim] was carrying a bag containing the daily bank deposit of monies received from the previous 24 hours. Rinehart displayed a gun. [The victim] attempted to walk back to the store, whereupon shots were fired. Defendant shot [the victim] in the back and Rinehart shot him from the front. The cause of death was the bullet which entered [the victim's] back. The bag with the money was taken by defendant and Rinehart who fled by car." (*Hunt, supra*, 3 Crim. 11199.)

The prosecution charged defendant with robbery (§ 211) and first degree murder in the course of the robbery (§ 187), and alleged firearm use enhancements (§§ 12022, subd. (a), 12022.5) as to both counts. (*Hunt, supra*, 3 Crim. 11199.) "A jury found him guilty on all charges and that the weapon allegations and the special circumstances as to the murder were true." (*Ibid.*)

Defendant appealed and challenged the sufficiency of the evidence for premeditation as to the murder conviction. (*Hunt, supra*, 3 Crim. 11199.) We rejected

the challenge, explaining: "As to planning, Rinehart, if not defendant also, knew [the victim] personally since Rinehart called out to [the victim], 'Stop, [victim].' Defendant and Rinehart had been observed loitering around the store before the time of the robbery and murder. When [the victim] failed to comply immediately with the command to 'drop it,' Rinehart ran from a short distance away with a gun pointed at [the victim] and shot [the victim] at close range from the front, while defendant almost simultaneously shot him in the back from a distance of about two to five feet. A third shot, fired by one of the assailants, hit the grocery bag in which [the victim] was carrying the money. Rinehart grabbed the bag and both assailants ran. All of this is indicative that defendants knew [the victim] and his habits concerning daily cash deliveries to the bank. The jury could reasonably conclude that since both defendant and Rinehart were armed, did not attempt to disguise themselves, and shot [the victim] twice almost simultaneously upon confrontation (with a third shot which missed him), they had a preconceived plan to kill him, both to prevent identification and to assure their obtaining possession of the bag of money." (*Ibid.*) We modified defendant's sentence but otherwise affirmed the convictions. (*Ibid.*)

*Defendant's Resentencing Petition*

In 2019, defendant filed a petition for resentencing under former section 1170.95. In the petition, defendant stated he had been prosecuted and convicted of murder under a theory of felony murder and could not now be convicted of murder because of changes made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). The petition also attached documents from defendant's case, including a complaint, jury instructions, verdict forms, an abstract of judgment, and a probation report, as well as legislative documents related to Senate Bill No. 1437. The trial court appointed counsel and issued an order to show cause. The court directed the parties to file prehearing briefing discussing whether the court could consider defendant's probation report and a

3

minute order from the court's files.  Both parties submitted briefing in conformance with the court's order.

*The Order to Show Cause Hearing*

At the hearing, the court stated it had obtained the full court file for defendant's case, including the direct appeal opinion.  Defense counsel argued the opinion was inadmissible hearsay, and the prosecution argued the evidence in the case established beyond a reasonable doubt that defendant had committed "first degree murder with premeditation and deliberation."  The court explained the changes made to section 189 by Senate Bill No. 1437, then explained it was entitled to consider the direct appeal opinion as part of defendant's record of conviction.

After reciting the facts from the opinion, the trial court explained:  "On those facts alone, the Court has more than enough evidence to conclude that in the commission of a robbery this defendant was, in fact, the actual killer and that even if not the actual killer, he certainly acted with the intent to kill in aiding, abetting and assisting the actual killer in committing murder in the first degree.  Likewise, based on the factors set forth in *People* [*v.*] *Banks* [(2015)] 61 Cal.4th 788 and *People* [*v.*] *Clark* [(2016)] 63 Cal.4th 522, in the alternative the Court would also find that the Defendant was a major participant in the underlying felony and acted with reckless indifference to human life.

"In light of the above findings, the Court is not considering in any matter [*sic*] and therefore need not rule on the admissibility of the probation report, the February 28th, 1983, minute order and/or the Federal Habeas pleadings.

"For all those reasons, Petitioner's petition for resentencing pursuant to . . . Section 1170.95 is denied."  The court clarified that the factual findings were beyond a reasonable doubt.

Defense counsel objected, again arguing the direct appeal opinion was hearsay and asserting, "it would be more proper to hold an evidentiary hearing under 1170.95(d)(3) in

4

which the People would have the burden beyond a reasonable doubt to prove that . . . he still fits the definitions of Section 188 and Section 189." The court overruled the objections.

## DISCUSSION

Defendant contends the trial court erred when it relied on the direct appeal opinion to the exclusion of other evidence. Because the court failed to consider "the full record to make an appropriate ruling," defendant argues, the court's order must be reversed. In supplemental briefing, the People agree that legislative changes made by Senate Bill No. 775 have limited the extent to which a trial court may rely on a direct appeal opinion, and concede the matter must be remanded to the trial court. We agree with the parties.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95 to provide a resentencing petition process for any "person convicted of felony murder or murder under a natural and probable consequences" theory. (Former § 1170.95, subd. (a).) After a defendant

5

submits a petition, the court must determine whether the petitioner has made a prima facie case that he or she is entitled to relief. (Former § 1170.95, subd. (c).)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence . . . .' " (*People v. Lewis* (2021) 11 Cal.5th 952, 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt," that the petitioner is ineligible for relief. (Former § 1170.95, subd. (d)(3).)

Senate Bill No. 775 (2020-2021 Reg. Sess.) amended former section 1170.95, subdivision (d)(3) to require the prosecution to "prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under current law, and further provides that "[a] finding that there is substantial evidence to support a conviction for murder" is insufficient to meet this required showing. (Stats. 2021, ch. 551, § 2.) It also added new text governing the consideration of evidence at a former section 1170.95, subdivision (d)(3) evidentiary hearing, saying, "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*)

We agree with the parties that the changes made by Senate Bill No. 775 apply to defendant's petition. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.) Here, the trial

6

court considered the prior appellate opinion for more than merely the procedural history of the case, and appears to have relied entirely on the recitation of facts in the direct appeal opinion to draw its factual conclusions. The court did not act as an "independent factfinder" in assessing defendant's guilt under a currently valid theory of murder and thus its decision did not comport with the now applicable requirements of section 1172.6. (*People v. Garrison* (2022) 73 Cal.App.5th 735, 745, fn. 6.) As a result, we must reverse the trial court's order and remand the case for reconsideration applying the requirements of section 1172.6, subdivision (d)(3). Because we reverse the trial court's order, we need not reach defendant's other contentions, that is, that the court's order was not supported by sufficient evidence and that he received ineffective assistance of counsel at the evidentiary hearing.

## DISPOSITION

The trial court's order on defendant's petition is reversed. The matter is remanded to the trial court for a new hearing consistent with the requirements in section 1172.6, subdivision (d)(3).

_____

        HULL, J.

We concur:

_____

ROBIE, Acting P. J.

_____

KRAUSE, J.